UNITED STATES DISTRICT COURT
EASTERN OF OKLAHOMA

| | | |
|---|---|---|
| 1)   LAKE COUNTRY MOTORS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 12-CV-433-RAW |
| | ) | |
| 1)   WESTERN HERITAGE | ) | |
| INSURANCE CO., | ) | (*formerly District Court of Murray* |
| | ) | *County; Case No. CJ-2012-79*) |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Western Heritage Insurance Company (hereinafter referred to as "Defendant" or "WHIC"), hereby submits its Notice of Removal of this action to the United States District Court for the Eastern District of Oklahoma. The basis of this removal is that the amount in controversy exceeds the jurisdictional amount required by 28 U.S.C. §§ 1332, and that diversity exists between Plaintiff and Defendant. In support of this Notice, Defendant submits the following:

1. According to Plaintiff's Petition, Plaintiff is an LLC, is organized under the laws of the state of Oklahoma, and has its principal place of business in Murray County, Oklahoma.

2. Defendant is a surplus lines insurer domiciled in the state of Arizona. (*See* p. 5 of Oklahoma Insurance Department list of surplus lines insurers, attached hereto as **EXHIBIT A**.)

3.  This lawsuit arises out of a claim for property damage made by Plaintiff with Defendant. The property which is the subject of this dispute is located in Murray County, Oklahoma.

4.  According to Plaintiff's Petition, Plaintiff seeks a variety of damages, including:

    a.  Plaintiff has had to purchase additional inventory in order to continue its business. (*See* paragraph 7 of Petition.)

    b.  Damage done to inventory in the amount of $30,000. (*See* paragraph 9 of Petition.)

    c.  Damage to office building, storage shed, shop building, and signs in the amount of $25,000. (*See* paragraph 10 of Petition.)

    d.  Loss of income in the amount of $9,750. (*See* paragraph 11 of Petition.)

    e.  "Bad faith" damages in an amount "in excess of $10,000." (*See* paragraph 13 of Petition.)

    f.  Punitive damages in an unspecified amount. (*See* paragraph 14 of Petition.)

    g.  Other/unquantified "consequential damages," plus interest, attorney fees, and costs. (*See* prayer of Petition.)

5.  The total of the damage amount which is actually referenced (by number) in Plaintiff's Petition is $74,750, and this amount is arrived at by construing Plaintiff's claim of bad faith damages in an amount "in excess of $10,000," to be no more than $10,000. In other words, by Plaintiff's own admission, Plaintiff seeks an amount "in excess" of $74,750.

Perhaps it is not accidental that Plaintiff has wholly failed to comply with 12 O.S. § 2008(A)(2), which mandates that every pleading in Oklahoma shall state whether the Plaintiff seeks more or less than "the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code" (*i.e.*, a Plaintiff is supposed to state whether more or less than $75,000 is sought). When combined with Plaintiff's <u>unquantified</u> claim of having to purchase additional inventory, Plaintiff's <u>unquantified</u> claim of entitlement to punitive damages, Plaintiff's <u>unquantified</u> claim of other "consequential damages," and Plaintiff's claim for interest, attorney fees, and costs, it is abundantly clear that Plaintiff does, indeed, seek a total damage amount that is far in <u>excess</u> of $75,000. Indeed, it appears that Plaintiff's not-so-veiled attempt to recite numbers that come in at $250 under the jurisdictional amount is the precise type of gamesmanship that has recently been rejected by the Eastern District. More specifically, Judge Ronald A. White noted that he was "weary of Plaintiffs attempting to hide behind the Oklahoma pleading code to avoid federal jurisdiction," then commented further as follows:

> This court has received one motion to remand after another with plaintiffs complaining that, under the Oklahoma pleading code, they should not have to let defendants know whether or not they are seeking more than $75,000.00. The court has little sympathy for such games. It does not follow that simply because the Oklahoma pleading code only requires plaintiffs to state that at a minimum they are seeking an amount in excess of $10,000.00 that plaintiffs may then hide the actual amount they are seeking to avoid federal diversity jurisdiction.
>
> The court has previously speculated that perhaps the removal regime following the *Laughlin* decision permitted such games, and may unintentionally give plaintiffs an incentive to play games with both discovery and removal mechanisms. Moreover, when a plaintiff is requesting emotional distress damages, such

>as here, the question becomes how a defendant is to present an "economic analysis" of such non-economic damages when the information as to those damages resides literally and solely within the plaintiff. Accordingly, this court will no longer blithely ignore evasive machinations designed entirely to thwart federal jurisdiction.

See *Murchison v. Progressive,* 564 F.Supp 2d 1311, 1316 (E.D. Okla. 2008). Plaintiff's Petition seems to be tailored in a way that will thwart federal jurisdiction, notwithstanding that Plaintiff clearly seeks damages in excess of $75,000. <u>And, this is done in spite of the fact that the Oklahoma Pleading Code has since been amended in order to avoid this very type of dispute</u>.

6.  Although Plaintiff improperly "served" Defendant through the C.T. Corporation System as opposed to the office of the Oklahoma Insurance Commissioner, Defendant has answered the Petition and is promptly proceeding with this matter in an attempt to expeditiously get this case to the proper court. Plaintiff served the C.T. Corporation System on September 24, 2012, meaning that this Notice of Removal is timely filed within 30 days of service, pursuant to 29 U.S.C. § 1446(b).

7.  In summary, this controversy is between parties who are residents of different states with alleged damages in excess of $75,000. Therefore, removal jurisdiction exists pursuant to 28 U.S.C. § 1441(a) on the ground that the federal court has diversity jurisdiction under 28 U.S.C. § 1332.

8.  At the time of this removal, there are no pending motions in this case in Murray County District Court.

9. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this removal will be served on counsel for Plaintiff and a copy of this Notice of Removal will be filed with the clerk of the district court of Murray County, State of Oklahoma.

10. Pursuant to LCvR 81.2, copies of all documents filed or served in the state court action, as well as a copy of the docket sheet in the state court action, are being filed contemporaneously herewith, and are adopted herein by reference. No other pleadings have been received by Defendant or filed in the case.

Respectfully submitted,

s/ *R. Thompson Cooper*
R. Thompson Cooper, OBA No. 15746
PIGNATO, COOPER,
  KOLKER & ROBERSON, P.C.
1120 Robinson Renaissance
119 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone:   (405) 606-3333
Facsimile:   (405) 606-3334
**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

This certifies that on October 19, 2012, the above and foregoing instrument was delivered to the following counsel of record:

Phil S. Hurst, Esquire  *VIA U.S. MAIL*
Hurst, McNeil & Gordon
1023 West Second Street
P.O. Box 597
Sulphur, Oklahoma 73086
ATTORNEY FOR PLAINTIFF

Christie Pittman, Court Clerk  *VIA U.S. MAIL*
Murray County Oklahoma
10th & Wyandotte St.
Post Office Box 578
Sulphur, Oklahoma 73086-0578

*s/ R. Thompson Cooper*
For the Firm